IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS D. AVILA,<br><br>    Petitioner,<br><br>  v.<br><br>TOM FELKER, Warden,<br><br>    Respondent.<br>_____ / | No. C 08-03424 SBA (PR)<br><br>**ORDER STAYING HABEAS PROCEEDINGS; DIRECTING PETITIONER TO FILE QUARTERLY STATUS REPORTS; AND DIRECTING CLERK TO ADMINISTRATIVELY CLOSE THIS CASE UNTIL THE COURT ISSUES ORDER LIFTING STAY** |

       Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis (IFP). The Court has granted his IFP application and has issued an Order to Show Cause. Petitioner has filed a motion to stay his federal petition while he exhausts his remedies in state court.

**DISCUSSION**

       Petitioner raises the following claims: (1) prosecutorial misconduct; (2) insufficiency of the evidence; (3) ineffective assistance of appellate counsel. Petitioner claims he has exhausted his state remedies with respect to claim one, but he has failed to exhaust his state remedies with respect to claims two and three. Therefore, the action must be dismissed as a mixed petition under Rose v. Lundy, 455 U.S. 509, 510 (1982), or in the alternative, Petitioner may elect to delete the unexhausted claim and proceed on the remaining claims. In his motion for a stay, Petitioner requests that he be permitted to return to state court to exhaust the unexhausted claims.

       Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim

1 they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c)); Rose, 455 U.S. at 515-16. If
2 available state remedies have not been exhausted as to all claims, the district court must dismiss the
3 petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for
4 failure to exhaust is not a bar to returning to federal court after exhausting available state remedies.
5 See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

6     District courts have the authority to issue stays and the Antiterrorism and Effective Death
7 Penalty Act of 1996 ("AEDPA") does not deprive them of that authority. Rhines v. Webber, 544
8 U.S. 269, 277-78 (2005). The district court's discretion to stay a mixed petition is circumscribed by
9 AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging
10 petitioners to seek relief in the state courts before filing their claims in federal court. Id. Because
11 the use of a stay and abeyance procedure has the potential to undermine these dual purposes of
12 AEDPA, its use is only appropriate where the district court has first determined that there was good
13 cause for the petitioner's failure to exhaust the claims in state court and that the claims are
14 potentially meritorious. Id. Moreover, where granting a stay, the district court must effectuate the
15 timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and
16 back." Id. at 278. Prisoners who may run the risk of having the federal statute of limitations expire
17 while they are exhausting their state remedies may avoid this predicament "by filing a 'protective'
18 petition in federal court and asking the federal court to stay and abey the federal habeas proceedings
19 until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines,
20 544 U.S. at 277-78).

21     Here, it appears that good cause exists for Petitioner's failure to exhaust his claims on direct
22 appeal because his claims could be raised by way of state habeas corpus. Moreover, the claims state
23 cognizable bases for federal habeas relief. This is Petitioner's first habeas petition, and there is no
24 evidence that he seeks the stay for improper purposes. See Fetterly v. Paskett, 997 F.2d 1295, 1301-
25 02 (9th Cir. 1993) (holding that a stay for the purpose of permitting exhaustion of unexhausted
26 claims should be granted only if the claims petitioner seeks to pursue are cognizable under § 2254;
27 there is a likelihood of prejudice to petitioner if the stay is not granted; and there is no evidence that
28

1 the motion for a stay is brought to delay, vex, or harass, or that the request is an abuse of the writ).

2 While an Order to Show Cause has been issued, the Court notes that Respondent has yet to file an

3 answer on the merits to the petition. Accordingly, Petitioner's motion to stay the instant petition is

4 GRANTED.

## **CONCLUSION**

6      For the foregoing reasons, these proceedings are hereby STAYED pending Petitioner's

7 exhaustion of his state judicial remedies. Petitioner must act diligently in exhausting his state

8 judicial remedies, or the stay may be lifted. He must file quarterly reports describing the progress of

9 his state court proceedings, commencing **thirty (30) days** from the date of this Order and continuing

10 every **ninety (90) days** thereafter until his state court proceedings are terminated. He must also

11 attach to his status reports copies of the cover page of any document that he files with or receives

12 from the state courts relating to the claims.

13      The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file pending the stay of this

14 action. Nothing further will take place in this action until Petitioner receives a final decision from

15 the highest state court and, within **thirty (30) days** of doing so, moves to reopen the action, lift the

16 Court's stay and amend the stayed petition to add the newly-exhausted claims.

17      This Order terminates Docket no. 8.

18      IT IS SO ORDERED.

19 DATED: 11/13/08           *Saundra B Armstrong*
20                            SAUNDRA BROWN ARMSTRONG
                            United States District Judge

P:\PRO-SE\SBA\HC.08\Avila3424.STAYmixed.wpd   3

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS D. AVILA,<br><br>              Plaintiff,<br><br>   v.<br><br>FELKER et al,<br><br>              Defendant.               / | Case Number: CV08-03424 SBA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 14, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Elias Daniel Avila F-34850
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127

Dated: November 14, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.08\Avila3424.STAYmixed.wpd